```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


TOMMY HENDERSON,

                         Petitioner,

             v.                                CASE NO.06-3319-SAC

LARRY NORRIS, et al.,

                         Respondents.
```

**O R D E R**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed pro se by a prisoner incarcerated in an Arkansas correctional facility. Also before the court is petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis in this habeas action.

Petitioner is currently serving a sentence imposed by the Arkansas courts. In the instant action he challenges a detainer filed by Barton County, Kansas, officials based on outstanding criminal charges filed against petitioner for computer and financial fraud. Petitioner states he caused a demand for disposition of these criminal charges to be delivered to Barton County officials in March 2006, but was never transported to stand trial on said charges within the 180 day period provided in Article III of the Interstate

Agreement on Detainers Act (IADA).[1]

Article V(c) of the IADA expressly provides that "[i]f the appropriate authority shall refuse or fail to accept temporary custody of such person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or IV, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

To the extent petitioner seeks a federal writ under this section to dismiss the Barton County charges, he properly seeks such relief in the District of Kansas. <u>Braden v. 30th Judicial Circuit Court of Ky.</u>, 410 U.S. 484, 499-501 (1973); <u>Montez v. McKinna</u>, 208 F.3d 862, 867 n. 6 (10th Cir. 2000). However, full exhaustion of available state court remedies is first required.[2] *See* <u>Braden</u>, 410 U.S. at 489-90 (a prisoner seeking to challenge a state detainer in federal court must first exhaust state remedies). *See also*

---

[1]Article III(a) of the IADA reads in part:
"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint[.]"

[2]

<u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999)(exhaustion of state remedies requires a petitioner to properly present the same claims set out in the federal habeas petition to the highest state court on direct appeal or in a state post-conviction proceeding).  No full exhaustion of Kansas state court remedies is evident on the face of the petition.  Petitioner cites motions for disposition and for appointment of counsel submitted to the Barton County District Court, but nothing in the record suggests the state district court has ruled on these motions.  Nor does petitioner indicate any resort to the Kansas appellate courts either for review of any district court decision, or for assistance in obtaining judicial action on his motions.

Accordingly, the court directs petitioner to show cause why the petition should not be dismissed without prejudice to allow petitioner to fully exhaust state court remedies.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 6th day of December 2006 at Topeka, Kansas.

        <u>s/ Sam A. Crow</u>
        SAM A. CROW
        U.S. Senior District Judge

3