IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOMMY HENDERSON,

               Petitioner,

    v.                                       CASE NO.06-3319-SAC

LARRY NORRIS, et al.,

               Respondents.

**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for a federal writ of habeas corpus, filed while petitioner was incarcerated in an Arkansas correctional facility.

Petitioner challenges a Barton County, Kansas, detainer lodged against petitioner for outstanding criminal charges of computer and financial fraud. Petitioner states he caused a demand for disposition of these criminal charges to be delivered to Barton County officials in March 2006, but was never transported to stand trial on said charges within the 180 day period provided in Article III of the Interstate Agreement on Detainers Act (IAD).

The court reviewed the record and found that to the extent petitioner was seeking a federal writ of habeas corpus to dismiss the Barton County charges, pursuit of such relief in the District of Kansas was appropriate. Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 499-501 (1973); Montez v. McKinna, 208 F.3d 862, 867 n. 6 (10th Cir. 2000). Nonetheless, full exhaustion of

available state court remedies was first required. *See* Braden, 410 U.S. at 489-90 (a prisoner seeking to challenge a state detainer in federal court must first exhaust state remedies). *See also* O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion of state remedies requires a petitioner to properly present the same claims set out in the federal habeas petition to the highest state court on direct appeal or in a state post-conviction proceeding). Finding no exhaustion of Kansas state court remedies was evident on the face of the petition, the court directed petitioner to show cause why the petition should not be dismissed without prejudice.

In response (Docs. 4 and 5), petitioner reiterates his rights under IAD, and states that Barton County officials had knowledge of his July 2005 arrest and confinement in Arkansas but failed to transport petitioner to Kansas for trial on the outstanding charges.[1] Significantly, however, petitioner maintains that exhaustion of state court remedies is not required. The court disagrees.

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez, 208 F.3d at 866. The exhaustion requirement applies to habeas petitions which assert pre-trial claims of IAD violations. Knox v. State of Wyoming, 959 F.2d 866 (10th Cir. 1992). *See also*

---

[1] Petitioner also cites problems with his access to legal resources at the Arkansas facility, but states he filed a case in a United States District Court in the District of Arkansas to pursue relief on this claim. To the extent petitioner asks this court to appoint counsel in the petition now before this court, petitioner's request is denied.

Ricks v. Kempker, 163 Fed.Appx. 697, 2006 WL 122472 (10th Cir. Jan. 18, 2006)(State inmate's failure to exhaust state court remedies on his IAD speedy trial claim barred him from seeking federal habeas relief based on delay in his state criminal proceedings)(unpublished opinion).

In the instant case, there is no clear showing that petitioner sought dismissal of the pending criminal charges against him in Barton County District Court, based upon the alleged denial of his right under the IAD to a speedy trial on the charges lodged against him in the detainer. But even if a motion to the Barton County District Court could be assumed from a liberal reading of petitioner's pro se pleading, there is nothing to indicate petitioner sought any relief or review in the Kansas appellate courts on his claim that the pending Barton County charges should be dismissed.

Although petitioner cites Reed v. Farley, 512 U.S. 339 (1994), as support, petitioner's reliance on this case is misplaced. The petitioner in Reed clearly exhausted Indiana state court remedies prior to seeking federal habeas relief,[2] and his exhaustion of state court remedies prior to seeking federal habeas review of an alleged IAD speedy trial violation was not at issue.

---

[2]Reed filed a "Petition for Discharge" in the trial court, alleging his trial was not commenced within the time provided under IAD. Reed, 512 U.S. at 344. The Indiana Supreme Court affirmed Reed's conviction and upheld the trial court's rejection of Reed's IAD claim. Id. at 345. Reed also sought post-conviction relief in the state district and appellate courts prior to filing his habeas petition in federal court. Id.

For these reasons, the court concludes the instant petition should be dismissed without prejudice, based upon petitioner's failure to exhaust state court remedies.

IT IS THEREFORE ORDERED that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 27th day of February 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge
